VITRAC *v.* REY, Curator.

Where a slave, purchased and paid for by the wife before marriage, is sold during its continuance, and it is not shown that the wife had the separate administration of her property, no proof will be necessary to charge the husband with the amount.

APPEAL from the Court of Probates of Avoyelles, *Baillio,* J.   *Edelen* and *Waddell,* for the appellant.   *Taylor* and *Swayze,* for the defendant. The judgment of the court was pronounced by

Rost, J.  The widow of the insolvent, *Eleazer G. Paxton*, made opposition to the homologation of the proceedings had in a meeting of his creditors, fixing the terms and conditions of the sale of the property left by him.  She afterwards instituted a suit against the administrator of the succession, in which she claimed various slaves and sums of money as dotal and paraphernal property.  The suit and the opposition were consolidated, and the widow having died, the administrator of the succession intervened and prosecuted her claims.  The court below gave judgment in her favor for two of the slaves, subject to a charge of $225 in favor of the succession of *Paxton*, and dismissed the opposition for the balance of the claim.  The plaintiff appealed.

*Eugénie Vitrac*, the original plaintiff, married *Paxton*, in 1822.  Their marriage contract states that the future wife brings into the community $2,100, in slaves and money.  The slaves are not named in the act, but the evidence adduced on the trial shows that, at the time of her marriage, *Eugénie Vitrac* was in possession of four slaves, to wit: *Clarisse, Marie, Jenny* and *Margaret*. *Clarisse* had been purchased and paid for by her before her marriage, and was sold during its continuance, with another slave, for the aggregate sum of $975. It is contended that the evidence adduced to prove that *Paxton* had received this sum was inadmissible.  We think it was properly admitted; and moreover, we consider that, as it is not shown that the wife had the separate administration of her property, no proof was necessary to charge him with the amount. A short time after the sale, the purchaser sold *Clarisse* for $450, and, in the absence of other evidence, we will take that sum to have been her value at the time she was sold by *Mrs. Paxton*.  The slave *Marie*, for whom and her increase, the court below gave judgment in favor of the plaintiff, is the daughter of *Clarisse*, and the reasons upon which the judgment rests entitle the plaintiff to recover the sum for which *Clarisse* was sold.

The slaves *Jenny* and *Margaret* were purchased by the wife shortly before her marriage for the sum of $850, which was paid by *Paxton* after the marriage; and as there is no evidence to the contrary, the law presumes that the payment was made out of the funds of the community.  These two slaves, together with another who cost $650, were sold by *Paxton* and his wife for the sum of $1,700.  The difference between these two sums may fairly be considered as the price obtained for the slaves *Jenney* and *Margaret;* and, after deducting from it $550 paid by the community for them, there will remain a balance of $200 in favor of the plaintiff.

The court below considered that the claims of the plaintiff for funds belonging to her, received by *Paxton* during marriage, and for payments made by her out of her separate estate, were not sufficiently proved.  A careful examination of the record has brought us to the same conclusion.  A recompense was improperly allowed to the community for the rearing of the slave *Marie;* she was over nineteen years of age when *Paxton* died, and the value of her services had fully compensated the expenses of rearing her.

The judgment is therefore reversed; and it is ordered that there be judgment in favor of the plaintiff for the slave *Marie* and her increase; and further for the sum of $650, the proceeds of paraphernal property alienated during marriage, with a legal mortgage for $450 thereof from the 24th day of December, 1824, and a legal mortgage for $200 from the 18th day of December,

VITRAC
v.
REY.

1825.  It is further ordered that the judgment be classed and paid in the course of the administration of the succession of *Paxton*, and that·said· succession pay the costs·in·both·courts.·